<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY LIVINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE ANTHONY GALLINA, PROSECUTOR KELLIE M. REYES, and ELMWOOD PARK BOROUGH,<br><br>Defendants. | Civil Action No. 24-08862 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>September 18, 2024 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Bradley Livingston's ("Plaintiff") Complaint (D.E. 1 ("Complaint")),[1] filed on August 29, 2024, and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

  **WHEREAS** this Court has jurisdiction under 28 U.S.C. § 1331; and

  **WHEREAS** an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. of Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although federal courts liberally construe pro se complaints and hold them "to less stringent

---

[1] The Court is in receipt of Plaintiff's letter moving for summary judgment (D.E. 19 ("Motion for Summary Judgment")). However, given the findings of this opinion, Plaintiff's motion is denied.

standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014). Pro se litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; and

**WHEREAS** Plaintiff seems to allege that his former girlfriend wrongly accused him of an illegal lockout, which led to Defendant's allegedly false arrest on March 25, 2024. (D.E. 1 at 3; D.E. 1-3 at 16, 19.) It seems Plaintiff claims he was forced to plead guilty to an offense he did not commit. (D.E. 1 at 3.) Then, according to Plaintiff, Defendants the Honorable Anthony Gallina, J.M.C. – Elmwood Park; Kellie M. Reyes, Municipal Prosecutor; and the town of Elmwood Park ("Defendants") sanctioned Plaintiff's false arrest. Plaintiff appears to allege violations of his rights under the First Amendment, the Fifth Amendment's due process clause, and the Fourteenth Amendment. (D.E. 1 at 2–4.); and

**WHEREAS** Plaintiff's potential causes of action are unclear, and the facts provided in his Complaint are insufficient to support a claim entitling him to relief. *See* Fed. R. Civ. P. 8(a)(2), (d)(1) ("Each allegation must be simple, concise, and direct."); *Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiff's allegations do not present a cognizable claim; therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Cathy L. Waldor, U.S.M.J.