<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY LIVINGSTON,<br><br>     Plaintiff,<br><br>v.<br><br>JUDGE ANTHONY GALLINA,<br>PROSECUTOR KELLIE M. REYES, and<br>ELMWOOD PARK BOROUGH,<br><br>     Defendants. | Civil Action No. 24-8862 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>November 12, 2024 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Bradley Livingston's ("Plaintiff") Motion for Summary Judgment (D.E. 25 ("Motion")) pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiff's Motion is **DENIED**; and

  **WHEREAS** on August 29, 2024, Plaintiff filed a Complaint against the Honorable Anthony Gallina, J.M.C. – Elmwood Park; Kellie M. Reyes, Municipal Prosecutor; and the Borough of Elmwood Park (collectively "Defendants"). (D.E. 1.) On September 18, 2024, this Court dismissed Plaintiff's Complaint without prejudice for failure to comply with Rule 8(a) and state a plausible claim for relief. (D.E. 20.) This Court gave Plaintiff thirty days to file an amended complaint that satisfies the Federal Rules of Civil Procedure. (D.E. 21.) To date, Plaintiff has not done so. Although federal courts liberally construe pro se complaints and hold them "to less

1

stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff's Amended Complaint does not contain any facts, let alone any allegations, that "give[s] the defendant[s] fair notice of what the claim is and the grounds upon which it rests," *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (alteration omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); and

**WHEREAS** Plaintiff has also failed to effectuate service upon Defendants, such that none of the adverse parties have appeared. It follows that Plaintiff's Motion is moot since no party has been served or answered the Complaint; and

**WHEREAS** further, to the extent Plaintiff brings claims against Defendant Judge Gallina those claims are barred by the doctrine of judicial immunity. *See Thorton v. New Jersey*, No. 24-2656, 2024 WL 4441923, at *10 (D.N.J. Oct. 8, 2024) (finding Monmouth County Superior Court Judges named as defendants were entitled to absolute judicial immunity where the plaintiff was bringing action against them merely because she was dissatisfied with the decisions rendered in state court family proceedings). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)); and

**WHEREAS** similarly, the claims against Prosecutor Reyes are barred by absolute prosecutorial immunity. Prosecutors enjoy immunity from liability arising from a civil lawsuit for acts they take during their role as prosecutor. *Sexton v. New Jersey Dep't of Corrections*, No. 21-20404, 2014 WL 4615763, at *11 (D.N.J. Oct. 30, 2024) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are

entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); therefore

Plaintiff's Motion is **DENIED**.  Plaintiff shall have thirty (30) days to file an amended complaint that complies with the Federal Rules of Civil Procedure.  Failure to timely file an amended complaint will result in the dismissal of this case with prejudice.  An appropriate order follows.

                /s/ Susan D. Wigenton
           **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Cathy L. Waldor, U.S.M.J.