<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY LIVINGSTON, | Civil Action No. 24-08862 (SDW) (CLW) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| JUDGE ANTHONY GALLINA, PROSECUTOR KELLIE M. REYES, and ELMWOOD PARK BOROUGH, | January 29, 2025 |
| Defendants. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bradley Livingston's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") for his appeal, (D.E. 39), of this Court's denial of his Motion for Summary Judgment ("MSJ"), (D.E. 27), to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1915(a)(1); and

**WHEREAS** on November 12, 2024, this Court denied Plaintiff's MSJ and gave him an additional thirty days to amend his Complaint. (D.E. 26 at 3.) That same day Plaintiff filed an Amended Complaint. (D.E. 28); and

**WHEREAS** "[t]he jurisdiction of the Court of Appeals under 28 U.S.C. § 1291 is limited to 'appeals from . . . final decisions of the district courts.' Interlocutory orders—those that do not dispose of the whole case, like denials of summary judgment—are typically not immediately

appealable under § 1291." *Dupree v. Younger*, 598 U.S. 729, 733–34 (2023) (second alteration in original) (quoting 28 U.S.C. § 1291); and

**WHEREAS** given Plaintiff's filing of an Amended Complaint consistent with this Court's directive in its November 12, 2024 Opinion, this Court finds no basis for Plaintiff's appeal. Further, Plaintiff's reliance on this Court's denial of his MSJ is not a cognizable basis for appeal. *See id.*; and

**WHEREAS** "[u]pon filing a notice of appeal, the appellant must pay the district clerk all required fees." Fed. R. App. P. 3(e). A party who seeks to appeal a district court action *in forma pauperis* must file a motion in the district court and attach an affidavit that (A) demonstrates the party's inability to pay or to give security for fees and costs, with the detail prescribed by Form 4 of the Appendix of Forms; (B) claims an entitlement to redress; and (C) states the issue the party intends to present on appeal. Fed. R. App. P. 24(a)(1); and

**WHEREAS** Plaintiff has also failed to comply with Federal Rule of Appellate Procedure ("Rule") 24(a)(1), as he has filed the incorrect form and failed to claim an entitlement to redress and disclose what issues he intends to present on appeal. *See Karupaiyan v. Singh*, No. 21-15996, 2022 WL 6673683, at *1–2 (Jan. 13, 2022) (denying a plaintiff IFP status where his motion failed to comply with Rule 24(a)(1)'s requirements). Even considering Plaintiff's representations regarding his ability to pay—or rather, lack thereof—this Court finds no basis to grant Plaintiff leave to appeal as he has not provided sufficient information to justify granting him IFP status to appeal.[1] Plaintiff's application merely indicates he is "unemployed," giving no indication as to when he became unemployed or his employment history; therefore

---

[1] This Court notes Plaintiff paid the filing fee associated with bringing his initial Complaint. (*See* D.E. 1 (indicating Plaintiff paid the $450 filing fee).)

Plaintiff's application to proceed *in forma pauperis* is **DENIED**. An appropriate order follows.

                                                        /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.