<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY LIVINGSTON,<br><br>            Plaintiff,<br><br>v.<br><br>JUDGE ANTHONY GALLINA,<br>PROSECUTOR KELLIE M. REYES, and<br>ELMWOOD PARK BOROUGH,<br><br>            Defendants. | Civil Action No. 24-8862 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>May 8, 2025 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendants the Honorable Anthony Gallina, J.M.C. – Elmwood Park and the Borough of Elmwood Park's ("the Borough" or "Elmwood Park") (collectively, "Moving Defendants") Motions to Dismiss (D.E. 31 & 37) *pro se* Plaintiff Bradley Livingston's ("Plaintiff") Amended Complaint (D.E. 28 ("Amended Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Plaintiff's Motion for Summary Judgment (D.E. 29).  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendants' Motions are **GRANTED** and Plaintiff's Motion is **DENIED**; and

**WHEREAS** on August 29, 2024, Plaintiff instituted the instant lawsuit against Defendants Judge Gallina, the Borough, and Kellie M. Reyes, Municipal Prosecutor.[1] (D.E. 1.) On September 18, 2024, this Court dismissed Plaintiff's Complaint without prejudice.[2] (D.E. 21.) On November 12, 2024, this Court denied Plaintiff's Motion for Summary Judgment ("MSJ") and gave him an additional thirty days to amend his Complaint. (D.E. 26 at 3.) That same day Plaintiff filed an Amended Complaint and attached his original Complaint thereto. (D.E. 28); and

**WHEREAS** this Court reviewed Plaintiff's Amended Complaint, which only appears to contain the allegations that Judge Gallina delayed Plaintiff's appeal case and "allowed [his] ex-girlfriend['s] family members to record [Plaintiff] and [his] lawyer at the time without [Plaintiff's] consent and not confiscating the cell phone device." (Amended Compl. at 1.); and

**WHEREAS** under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and

**WHEREAS** although federal courts liberally construe *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014). *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

---

[1] To date, Plaintiff has not properly effectuated service of process for Defendant Prosecutor Reyes.

[2] In his original Complaint, Plaintiff appeared to allege that "his former girlfriend wrongly accused [Plaintiff] of an illegal lockout," which led to his allegedly false arrest on March 25, 2024. (D.E. 1 at 3; D.E. 1-3 at 16, 19.)

2

2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); and

**WHEREAS** Defendant the Borough moves to dismiss Plaintiff's Amended Complaint, contending that "the Amended Complaint is merely a recitation of random statutory text without any factual allegations," rendering Plaintiff's potential causes of action "unclear." (D.E. 31-1 at 7–8.) Defendant Judge Gallina moves to dismiss Plaintiff's Amended Complaint, arguing—in part—that Plaintiff's claims are barred by the doctrine of judicial immunity. (D.E. 37-1 at 13–15.); and

**WHEREAS** "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome in two instances—for actions not taken in a judicial capacity or for actions taken in a complete absence of all jurisdiction. *Id.* at 9, 11–12. Here, Plaintiff's Complaint contains no allegations that sound in the two exceptions to judicial immunity. The conduct Plaintiff appears to complain of with regards to Judge Gallina involved the Judge's "exercise of control over the courtroom, including the admission and expulsion of attorneys and litigants, [which] is a judicial act." *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 391 (D.N.J. 2012); and

**WHEREAS** finding that the doctrine of absolute immunity applies, this Court dismisses Plaintiff's claims against Defendant Judge Gallina with prejudice. *See Jarvis v. Gliottone*, No. 14-7766, 2015 WL 4715604, at *2 (D.N.J. Aug. 7, 2015) (finding doctrine of judicial immunity barred the plaintiff's allegations since the conduct complained of involved the judicial act of issuing an arrest warrant); *Thorton v. New Jersey*, No. 24-2656, 2024 WL 4441923, at *10 (D.N.J. Oct. 8, 2024) (finding Monmouth County Superior Court Judges named as defendants were entitled to

absolute judicial immunity where the plaintiff was bringing action against them merely because she was dissatisfied with the decisions rendered in state court family proceedings); *Clark v. Hickey*, No. 06-2778, 2007 WL 837091, at *1 (D.N.J. Mar. 16, 2007) ("[I]t is well-established that the [d]efendant State of New Jersey and the [d]efendant judges, as state officers acting in their official capacities, cannot be sued under the principles of sovereign immunity.").

**WHEREAS** notwithstanding this Court's finding of absolute immunity, Plaintiff's Amended Complaint also does not present any clear, viable, or meritorious claims. To the extent Plaintiff seeks to vacate his guilty plea, there is no basis for this Court to do so.[3] Plaintiff's Amended Complaint fails to give Defendants fair notice of what his claims are, let alone their underlying factual bases. The Amended Complaint is comprised of two pages in which Plaintiff cites the text of Federal Rules of Civil Procedure 10, 11, and 53, as well as Eleventh Circuit caselaw. The Amended Complaint does not comply with Rule 8(a)(2), as it fails to state a plausible claim for relief; therefore

Moving Defendants' Motions to Dismiss Plaintiff's Amended Complaint are **GRANTED**.[4] Plaintiff's Amended Complaint is dismissed with prejudice.[5] An appropriate order follows.

---

[3] This Court recognizes Defendant Prosecutor Reyes has still not been properly served in this case. However, even if she had been properly served, Plaintiff's claims against Prosecutor Reyes would fail under the doctrine of absolute immunity. *See Newsome v. City of Newark*, No. 13-6234, 20214 WL 4798783, at *2 (D.N.J. Sept. 25, 2014) ("Under federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors.")

[4] Given that Plaintiff did not file a meritorious Amended Complaint, this Court declines to consider his Motion for Final Judgment. A motion for judgment on the pleadings is permitted only after the pleadings are closed. Fed. R. Civ. P. 12(c). Plaintiff's Motion for Final Judgment (D.E. 51) is **DENIED**. In the same vein, this Court declines to address the remainder of Plaintiff's Motions, (D.E. 29, 32, 61) as they are now moot.

[5] At this juncture, this Court dismisses Plaintiff's Amended Complaint with prejudice as permitting Plaintiff to further amend his complaint would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114

                                                  /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Cathy L. Waldor, U.S.M.J.

---

F.3d 1410, 1434 (3d Cir. 1997). *See also Pacira Biosciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 583 F. Supp. 3d 654, 662 (D.N.J. 2022) (dismissing a complaint with prejudice after finding amendment would be futile).

5